**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DEMETRICE N. CAGE** | **CIVIL ACTION**

**VERSUS** | **NO. 25-1021-BAJ-EWD**

**WAL-MART LOUISIANA, LLC, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 2, 2026

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DEMETRICE N. CAGE** **CIVIL ACTION**

**VERSUS** **NO. 25-1021-BAJ-EWD**

**WAL-MART LOUISIANA, LLC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Plaintiff's Motion to Remand (the "Motion"), filed by Demetrice N. Cage ("Plaintiff"), which contends that this Court lacks subject matter jurisdiction because nondiverse defendant, John Antoon ("Antoon"), was properly joined and because Walmart has failed to disclose the identity of other defendants that may also be nondiverse.[1] Defendant Wal-Mart Louisiana, LLC ("Walmart") opposes the Motion.[2] The matter is fully briefed and oral argument is not necessary.

Because Walmart has not met its "heavy burden" to show that non-diverse defendant, Antoon, was improperly joined, it is recommended[3] that the Motion be granted and that this case be remanded to Louisiana state court.

## I. BACKGROUND

This is a civil action for damages arising out of an alleged slip-and-fall accident occurring in a Walmart store.[4] On November 27, 2024, Plaintiff filed her Petition for Damages (the

---

[1] R. Doc. 5. Plaintiff did not file a reply memorandum.

[2] R. Doc. 10.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

[4] R. Doc. 1-1, ¶¶ 2-4.

"Petition") against Antoon and Walmart in state court.[5] The Petition alleges that Plaintiff fell after slipping on the dislodged ticket-channeling or "FastTrack" in a grocery aisle at a Walmart store.[6] The Petition further alleges that Antoon, the manager of Walmart, is liable because he failed to properly train and supervise his employees; that Antoon and John and/or Jane Doe failed to properly secure the FastTrack and failed to clean up any fallen pieces of FastTrack; and that "Defendants thus failed to exercise reasonable care and either created the unreasonable risk of harm or had actual or constructive knowledge of its incident, which was reasonably foreseeable."[7]

On November 7, 2025, Walmart removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[8] According to the Notice of Removal, amount in controversy is met based on Plaintiff's medical records totaling $68,251.66 and a lumbar fusion surgical estimate totaling $131,370.75.[9] The Notice of Removal further alleges that Plaintiff is a citizen of Louisiana,[10] of diverse citizenship from Walmart, which is a limited liability that unwinds to a corporation, organized in Delaware, with its principal place of business in Arkansas.[11] However, Antoon, like Plaintiff, is alleged to be a Louisiana citizen.[12] In other words, if Antoon remains in this case, this Court cannot exercise subject matter jurisdiction.[13] The Notice of Removal further

---

[5] R. Doc. 1-1. The Petition also names as defendants John and/or Jane Doe, who are alleged to be other Walmart employees whose identities are unknown that are responsible for Plaintiff's injuries. *Id.* at ¶¶ 1, 9.

[6] R. Doc. 1-1, ¶ 5.

[7] R. Doc. 1-1, ¶ 9.

[8] R. Doc. 1, ¶ 1.

[9] R. Doc. 1, ¶ 11, citing R. Doc. 1-9. Plaintiff does not contest that AIC is met.

[10] R. Doc. 1, ¶ 14, citing R. Doc. 1-1, introductory paragraph.

[11] R. Doc. 1, ¶ 15. Wal-Mart Louisiana LLC has one member, Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a limited partnership that has two partners, WSE Management, LLC and WSE Investment, LLC. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas.

[12] R. Doc. 1, ¶ 16, citing R. Doc. 1-1, ¶ 1(2).

[13] No party alleges another basis for federal jurisdiction, and none is apparent.

argues that the citizenship of the John and Jane Doe Defendants should be disregarded as the citizenship of defendants sued under fictitious names should be disregarded under 28 U.S.C. § 1441(b)(1).[14]

Because the Notice of Removal claimed that Antoon was improperly joined, the Court required Plaintiff to either amend her Petition to delete all claims against Antoon, if she agreed that Antoon was improperly joined, or to seek remand if she believed that Antoon was properly joined.[15] In response, Plaintiff filed the Motion, which seeks remand based on lack of diversity and because Plaintiff alleges that Walmart is concealing the identity of other nondiverse defendants.[16] Walmart opposes the Motion.[17]

## II. Law and Analysis

### A. Legal Standards

*Defendants Sued Under Fictitious Names*

Under 28 U.S.C. 1441(b)(1), the "citizenship of defendants sued under fictitious names shall be disregarded." Plaintiff acknowledges that she does not know the identities of the John and Jane Doe employees and seeks to remand the case because Defendant is not disclosing their

[14] R. Doc. 1, ¶¶ 19-20.

[15] R. Doc. 3.

[16] R. Doc. 5. On January 7, 2026, the Court issued an Order to Show Cause for Plaintiff's failure to file the Motion to Remand or dismiss claims against Antoon within the time ordered by the Court. R. Doc. 4. On January 14, 2026, Plaintiff filed the Motion and a response, attributing the failure to comply with the deadline to a calendaring error. R. Docs. 5, 6. Though Defendant argues that Plaintiff's ignorance of the Court's Order should result in the Court not considering the Motion to Remand (R. Doc. 10, pp. 1-2), complete diversity is required for this Court to exercise jurisdiction over these claims and subject matter jurisdiction cannot be waived and can be raised at any time. *See* 28 U.S.C. § 1447(c); *Johnson-Blount v. Board of Sup'rs for Southern University*, 994 F.Supp.2d 780, 783 (M.D. La. 2014), citing *United States v. Cotton*, 535 U.S. 625, 630 (2002). However, Plaintiff is cautioned that calendaring errors are not typically an adequate excuse for missing Court ordered deadlines, and any further noncompliance may result in sanctions. The Motion should be considered; however, as the parties are not of diverse citizenship on the face of the Petition and the Court has an independent obligation to ensure its own jurisdiction, which is why the November 12, 2025 Order was issued in the first place. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[17] R. Doc. 10.

identities.[18] However, these defendants have not yet been identified and at this time, Antoon is the only named defendant sharing citizenship with Plaintiff. Any allegation that the citizenship of John or Jane Doe should be considered is improper based on the plain language of 28 U.S.C. 1441.[19] If Plaintiff later discovers the identity of these fictitious defendants and seeks to identify them, she may seek leave to file an amended complaint; however, the substitution of these parties is not an issue currently before the Court.[20]

*Improper Joinder and Remand*

The removing party has the burden of proving federal diversity jurisdiction.[21] Remand is proper if at any time the court lacks subject matter jurisdiction.[22] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[23]

The improper joinder doctrine is a narrow exception to the rule of complete diversity.[24] If a nondiverse defendant is improperly joined, a district court can disregard the citizenship of that

---

[18] R. Doc. 5-1, pp. 2-4.

[19] *See, e.g.*, *Duhon v. Lowes Home Centers LLC*, 19-929, 2019 WL 6696084, at *2 (W.D. La. Nov. 5, 2019) (explaining (1) that cases "permit[ing] fictitiously named defendants to defeat removal" were "abrogated by the 1988 enactment § 1441(b)(1)," which "explicitly states" that the "citizenship of defendants sued under fictitious names shall be disregarded" for the purpose of determining whether a case is removable under § 1332(a); and (2) that the "Fifth Circuit has followed the mandate of this provision"; and holding that "Darren Doe" is a fictitiously named defendant whose citizenship must be disregarded for removal purposes) (internal quotations and citations omitted); *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, No. 17-742, 2017 WL 8944085, at **3-4 (M.D. La. Nov. 30, 2017), report and recommendation adopted, No. 17-742, 2018 WL 1958385 (M.D. La. Jan. 9, 2018) (holding that "ABC Insurance Company," "DEF Insurance Company," and "XYZ Insurance Company" are fictitiously named defendants whose citizenship must be disregarded under § 1441).

[20] Plaintiff alleges that Defendants pay "lip service" to the issue (R. Doc. 5-1, p. 4), but no more is required, as John and Jane Doe are fictitious persons whose citizenships should not be considered for the purposes of establishing diversity jurisdiction under 28 U.S.C § 1441(b)(1). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." *See* 28 U.S.C. § 1447(e).

[21] *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[22] *See* 28 U.S.C. § 1447(c).

[23] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[24] *McDonal v. Abbott Laboratories,* 408 F.3d 177, 183 (5th Cir. 2005).

defendant for the purposes of evaluating its jurisdiction.[25] "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[26] In *Smallwood*, the seminal decision of the Fifth Circuit on this issue, the Court "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[27] Here, there has been no allegation of fraud in the pleading of jurisdictional facts. Rather, Walmart specifically argues improper joinder under the second method, *i.e.*, that Plaintiff is unable to establish a cause of action against Antoon.[28] Therefore, the question is whether Walmart has shown "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[29] A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[30] "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may,

---

[25] *Williams v. Homeland Ins. Co. of New York,* 18 F.4th 806, 812 (5th Cir. 2021), citing *Flagg v. Stryker Corp.,* 819 F.3d 132, 137 (5th Cir. 2016).

[26] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*).

[27] *Smallwood,* 385 F.3d at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

[28] R. Doc. 1, ¶ 18; R. Doc. 10, pp. 3-5.

[29] *Smallwood,* 385 F.3d at 573. *See also Williams,* 18 F.4th at 812 ("We typically evaluate this question by evaluating whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal.") (citations omitted).

[30] *Smallwood*, 385 F.3d at 573.

in its discretion, pierce the pleadings and conduct a summary inquiry."[31] If the plaintiff cannot survive the Rule 12(b)(6) challenge, the claims against the improperly joined defendant should be dismissed without prejudice.[32]

**B. Walmart Has Not Met Its Heavy Burden of Establishing That Antoon Was Improperly Joined**

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims."[33] "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances."[34] "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'"[35] When considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned…[with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees."[36] As explained by the Fifth Circuit, "[v]icarious liability is not a revolving door. In certain situations, an employer may be held liable for the

[31] *Id.* Neither party seeks to have the Court pierce the pleadings in this case.

[32] *Flagg*, 819 F.3d at 136 ("In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'") (citations omitted).

[33] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. Mar. 28, 2013) (Jackson, J.), citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed.Appx. 451, 453 (5th Cir. 2011) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[34] *Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 245 (5th Cir. 2011) (unpubl.), citing *Canter v. Koehring*, 283 So.2d 716 (La. 1973), superseded on other grounds by statute, La. R.S. § 23:1032 (1998)).

[35] *Kemp*, 440 Fed.Appx. 245, citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)).

[36] *Hornsby v. AlliedSignal, Inc.*, 961 F.Supp. 923, 930 (M.D. La. 1997). *See also Haynes v. Healthcare Services Group, Inc.*, No. 13-649, 2014 WL 2769080, at *2 (M.D. La. May 30, 2014) report and recommendation adopted, No. 13-649, 2014 WL 2768814 (M.D. La. June 18, 2014) ("To begin, vicarious and personal liability are not antithetical. 'If the elements for imposing liability on the corporate employee are met, it does not matter that the corporation might also be [vicariously] liable.'") (citing *Ford*, 32 F.3d at 936)).

negligent acts of its employees…but *Canter* does not attach liability to a managerial employee absent breach of a duty personally owed by the employee to third parties."[37]

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."[38] "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability," the fourth *Canter* factor.[39]

Courts have consistently found that where a plaintiff fails to allege that a nondiverse defendant had personal knowledge of, or actively contributed to, the dangerous condition, the plaintiff has failed to state a claim against that defendant.[40] Conversely, this Court has held that,

[37] *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed.Appx. 911, 918-19 (5th Cir. 2009).

[38] *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013), citing *Canter*, 283 So.2d at 721.

[39] *Moore*, 732 F.3d at 457 (affirming district court's denial of motion to amend to add nondiverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.") and *see Canter*, 283 So.2d at 721 (discussion of general administrative responsibility as the fourth factor).

[40] *See*, *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at * 4 (E.D. La. May 13, 2016) ("Plaintiff does not allege that Jabbia personally knew or actively contributed to any alleged unsafe conditions. Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that Jabbia personally of the allegedly dangerous hole in the parking lot.") (internal citation omitted); *Black v. Lowe's Home Centers, Inc.*, No. 10-478, 2010 WL 4790906, at *3 (M.D. La. Oct. 22, 2010), report and recommendation adopted, No. 10-478, 2010 WL 4789165 (M.D. La. Nov. 17, 2010) ("Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*."). *See also, Carter v. Wal-Mart Stores, Inc*., No. 04-0072, 2005 WL 1831092, *2-3 (W.D. La. July 28, 2005) (finding two nondiverse managers improperly joined based on generic allegations that they were responsible for training and implementing safety procedures (*i.e.*, breaches of general administrative duties), and finding that the third nondiverse manager, whom the plaintiffs alleged should have warned them of a falling overhead rack, was also improperly joined because he had no general duty to warn, and "Plaintiffs' proposed amended complaint contain[ed] no allegation that Wal-Mart delegated to [the employee] any duty to warn customers of safety hazards."); *Ayio v. Boykins*, No. 23-01442, 2024 WL 4201071, at *2 (M.D. La. Sept. 16, 2024) (Jackson, J.) ("Although Plaintiff does not allege that Boykins actually knew of or personally caused the spill that Plaintiff allegedly slipped on, Plaintiff argues that because Boykins was the only employee on duty at the time, and because Dollar General requires its employees to keep its stores clean, it stands to reason that Boykins had a personal duty towards Plaintiff, which

"Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*."[41] "Thus, even if [the employee] had only general administrative duties, [the employee] could still be liable for Plaintiff's injuries if [the employee] created or had personal knowledge of the danger and failed to cure the risk of harm."[42]

Walmart focuses on the fourth *Canter* factor in opposition to the Motion and contends that Plaintiff's allegations in the Petition are based solely on Antoon's general administrative duties, which are insufficient to establish Antoon's individual liability for Plaintiff's injuries.[43]

---

Boykins breached by failing to clean the spill. (*See* Doc. 15 at 4). 'However, none of the allegations of negligent acts committed by [Boykins] contain any facts which distinguish [Boykins'] alleged duty to the [P]laintiff from the general administrative responsibilities of [her] employment.' *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012), report and recommendation adopted, No. 12-630, 2013 WL 636823 (M.D. La. Feb. 20, 2013) (finding improper joinder of defendant employee and noting, "'[t]he duty alleged by the [P]laintiff is a duty owed generally to all patrons of the store—not a duty owed personally to the [P]laintiff arising from some relationship unique to her.' *Id.* As the Magistrate Judge points out, and as Plaintiff fails to meaningfully contest, '[c]ourts have consistently found that where a plaintiff fails to allege that a non-diverse defendant had personal knowledge of, or actively contributed to, the dangerous condition, the plaintiff has failed to state a claim against that defendant.' (Doc. 14 at 12 (citing cases)).").

[41] *Mathes v. PNK (Baton Rouge) P'ship*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017), report and recommendation adopted, No. 17-392, 2017 WL 5760882 (M.D. La. Nov. 28, 2017), citing *Haynes*, 2014 WL 2769080, at *3 and *Canter*, 283 So.2d at 721 (quotation omitted); *see also Randolph v. Wyatt*, 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (plaintiff stated a claim against store manager by alleging manager was personally involved in injury and had personal knowledge of the unsafe condition of the floor).

[42] *Mathes*, 2017 WL 5762434, at *5 (collecting cases); *see also Smith v. L'Auberge Casino & Hotel Baton Rouge*, No. 22-825, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024) (finding the plaintiff's allegations that individual employees were personally involved in moving her after her fall which worsened her condition sufficient to overcome the limitations on personal liability set out in *Canter* because, "[a]n employee's personal involvement in causing or contributing to the plaintiff's alleged injuries is generally sufficient to state a claim for personal liability.").

[43] R. Doc. 10, pp. 4-5. Walmart's suggestion that lack of service on Antoon is a factor is without merit. Antoon's citizenship must be considered as he was a named defendant when the case was removed. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("[Defendant's] non-diverse citizenship cannot be ignored simply because he was an unserved defendant ... Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). *See also In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022) (discussing the holding in *Deshotel* and explaining that the "ruling in *Deshotel* is absolute and admits of no exceptions."); *Parault v. Insurance Company*, No. 18-1053, 2018 WL 6716695, at *1 (M.D. La. Dec. 20, 2018) ("To the extent the Removing Defendant's position is that the citizenship of an unserved defendant can be disregarded, the Fifth Circuit has held that non-diverse citizenship cannot be ignored simply because [the defendant is] an unserved defendant.") (internal citations and quotations omitted).

Plaintiff alleges that she was injured when she slipped and fell while shopping at a Walmart store.[44] Plaintiff claims that Walmart "caused or allowed its ticket-channeling, or 'FastTrack' (along with attachments), to become dislodged from the deck plates of gondola shelving," and that "[t]he FastTrack, once on the concrete Walmart floors, was not only especially slippery, but also nearly totally flat, extending an immeasurably infinitesimal height from the floor, meaning shoes of any material are predisposed to slip on these unreasonably danger products placed by Walmart among its own patrons."[45] Importantly for purposes of the Motion, Plaintiff further alleges that Antoon "failed to properly secure the Fastrack and also failed to clean up any pieces of fallen FastTrack …."[46] According to the Petition, Antoon was personally involved in contributing to the allegedly defective condition that caused Plaintiff's injury. This distinguishes the facts of this case from the cases, such as those Walmart cites to in opposition to the Motion, where a manager was not personally involved in creating a condition that caused a plaintiff's injury.[47] Walmart argues that "[t]here is no allegation to how Mr. Antoon personally contributed to the specific risk in this case of the FastTrack on the ground," but the Petition specifically alleges that Antoon failed to

[44] R. Doc. 1-1, ¶¶ 5-7.

[45] R. Doc. 1-1, ¶ 5.

[46] R. Doc. 1-1, ¶ 9.

[47] R. Doc. 10, pp. 3-4. The cases Walmart relies on in opposition to the Motion are distinguishable as there was no allegation in those cases that the store manager was personally involved in causing the dangerous condition. *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958, 960 (M.D. La. 1995) (finding the store manager was improperly joined when there were no allegations or evidence that the store manager stacked the boxes that fell and injured plaintiff); *Gautreau*, 2012 WL 7165280, at *4 (finding a manager was improperly joined when there was no allegation that the duties owed were anything other than general administrative duties and there were no allegations that the manager was personally involved in the construction of the display that allegedly caused plaintiff's injuries); *Carter*, 2005 WL 1831092, at *3 (finding a manager improperly joined when there was no allegation that he contributed to the allegedly defective condition); and *see Scott v. Wal-Mart Stores, Inc.*, No. 91-1051, 1991 WL 94182, at *2 (E.D. La. May 28, 1991) (finding that liability could not be imposed on the store manager for his general administrative responsibility to maintain the store where there were no allegations that the manger personally caused the accident or owed any personal duty to the plaintiff).

properly secure the FastTrack that fell onto the floor and caused Plaintiff's injuries.[48] Antoon's alleged failure to properly secure the FastTrack is his contribution to the specific risk that caused Plaintiff's injuries.

Because Antoon is alleged to have contributed to the dangerous condition that caused Plaintiff's injuries, Plaintiff can state a claim for personal liability against Antoon.[49] Because Defendants cannot show that Antoon was not involved in failing to secure the FastTrack, the allegations of the Petition show that Antoon may have personally caused Plaintiff's damages and could be individually liable to Plaintiff. [50]

Once a plaintiff has stated a claim against a nondiverse defendant, the Removing Defendants "must come forward with evidence to negate a possibility of liability against the non-diverse defendant."[51] Walmart has not presented any evidence to negate a possibility of liability against Antoon. The burden of establishing improper joinder is a heavy one and, under these facts, it cannot be said that Plaintiff has no possibility of recovery against Antoon.[52] Because Antoon's

---

[48] R. Doc. 10, p. 5. Walmart argues that "Plaintiff has speculated that a Walmart associated failed to secure of failed to clean up the FastTrack" and dismisses Plaintiff's allegations because "there is no evidence that Walmart employees contributed to a FastTrack piece being on the ground and "any customer could have created the condition that allegedly caused the incident." *Id.* However, the Petition contains a specific allegation that Antoon was involved in failing to properly secure the FastTrack. The Court cannot speculate about facts outside of the Petition when no evidence to the contrary has been presented. It is Walmart's burden to establish that Antoon was improperly joined, and it has failed to carry that burden.

[49] *Smith*, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024) ("An employee's personal involvement in causing or contributing to the plaintiff's alleged injuries is generally sufficient to state a claim for personal liability."); *Mathes*, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) ("Because Plaintiff alleges that Stewart caused the hazardous condition and had personal knowledge of it, but failed to remove the hazard, Plaintiff's allegations satisfy the *Canter* criteria"); *see also Haynes*, 2014 WL 2769080, at **3-4 (holding an employee could be personally liable when that employee had personally caused the allegedly dangerous condition and had knowledge of the condition); *Randolph*, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (holding that allegations establishing that the employee had a "direct role in the accident" were sufficient to satisfy *Canter*).

[50] Walmart argues that "Not only did Plaintiff allege that Mr. Antoon failed to secure the FastTrack, but also Plaintiff alleged that every associate in the whole store failed to secure the FastTrack piece." R. Doc. 10, p. 4. This argument is not persuasive, as there is a specific allegation that Antoon participated in failing to properly secure the FastTrack, regardless of what is alleged as to other Walmart associates.

[51] *Smith*, 2024 WL 36008, at *5 (citations omitted).

[52] *Smallwood*, 385 F.3d at 574.

presence in this case precludes the Court from exercising diversity jurisdiction as Plaintiff and Antoon are citizens of the same state, remand is required.[53]

## III. Conclusion and Recommendation

Walmart has not carried its heavy burden to establish that Antoon is improperly joined. When Antoon's Louisiana citizenship is considered, complete diversity of citizenship does not exist as both Plaintiff and Antoon are citizens of Louisiana.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[54] filed by Plaintiff Demetrice Cage, be **GRANTED**, and that this case be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, September 2, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[53] 28 U.S.C. § 1332; 28 U.S.C. § 1447(c). Additionally, the removal statute is strictly construed and any doubts as to the propriety of removal should be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82.

[54] R. Doc. 5.