UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMETRICE N. CAGE — CIVIL ACTION

VERSUS

WAL-MART LOUISIANA, LLC, ET AL. — NO. 25-01021-BAJ-EWD

## RULING AND ORDER

On September 2, 2026, the Magistrate Judge issued a **Report and Recommendation (Doc. 15, the "Report")** recommending that Plaintiff's Motion to Remand (Doc. 5) be granted and the action be remanded to Louisiana state court. Defendant Walmart-Louisiana, LLC ("Walmart") filed an Objection to the Report. (Doc. 16).

## I. BACKGROUND

Plaintiff filed her Petition for Damages against Defendant Walmart and its employee, Defendant Antoon, in Louisiana state court. (Doc. 1-1). Defendant Walmart removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). No party alleges another basis for federal jurisdiction. The Notice of Removal alleges that Plaintiff is a citizen of Louisiana; Defendant Walmart is a citizen of Delaware and Arkansas; and that Defendant Antoon is a citizen of Louisiana. (Doc. 1). Therefore, as it stands, there is no complete diversity of citizenship and the Court cannot exercise subject matter jurisdiction over the matter.

The Notice of Removal claims that the Court has subject matter jurisdiction

because Defendant Antoon was improperly joined. (Doc. 1). Plaintiff responded by filing the Motion to Remand, asserting that Defendant Antoon was properly joined and seeking to remand for lack of diversity. (Doc. 5). The Report concluded that Defendant Antoon was properly joined.

## II. LEGAL STANDARD

### A. Review of Report and Recommendation.

Federal Rule of Civil Procedure 72 confers upon Magistrate Judges the responsibility to make determinations or recommendations for pretrial matters. When a pretrial matter concerns a matter that is dispositive of a claim or defense, the Magistrate Judge may make proposed findings and recommendations, and the parties may file specific written objections to same. Fed. R. Civ. Pro. 72(b).

Rule 72(b)(3) dictates that the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

### B. Improper Joinder.

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal quotations and alteration omitted). Here, the issue is whether Plaintiff can establish a cause of action against Antoon, a non-diverse Defendant. The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also* *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

First, a court looks at the allegations contained in the complaint. *See* *Mumfrey,* 719 F.3d at 401. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. *Id.* (citing *Smallwood,* 385 F.3d at 573). When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Smallwood,* 385 F.3d at 573.

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Accordingly, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and

any ambiguities of state law" in the plaintiff's favor. *Id.* Moreover, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis,* 326 F.3d at 649); *see also Davidson*, 819 F.3d at 765.

## III. DISCUSSION

The Court must determine whether Antoon was improperly joined as a Defendant in this matter. If Plaintiff has a reasonable basis for recovery against Antoon, then Plaintiff's Motion to Remand must be granted because Antoon is a non-diverse Defendant. If Plaintiff does not have a reasonable basis for recovery against Antoon, then Antoon will be dismissed as a Defendant, Plaintiff's Motion to Remand will be denied, and the above-captioned matter will remain in this Court.

The Magistrate Judge considered the issue at length and determined that Plaintiff's allegations are sufficient to state a reasonable basis of recovery against Defendant Antoon. The Magistrate Judge determined that under Louisiana law, an employee may be held individually liable for injuries to third persons if the employee created or had personal knowledge of danger to the third person and failure to cure the risk of harm, even if the employee had only general administrative duties, citing *Mathes v. PNK (Baton Rouge) P'ship*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017), *report and recommendation adopted*, No. 17-392, 2017 WL 5760882 (M.D. La. Nov. 28, 2017) and *Smith v. L'Auberge Casino & Hotel Baton Rouge,* No. 22-825, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024). Plaintiff's Petition alleged

that Antoon "failed to properly secure the Fastrack and also failed to clean up any pieces of fallen FastTrack[,]" which contributed to her fall.[1] (Doc. 1-1 ¶ 9). The Magistrate Judge concluded that Plaintiff adequately alleged that Defendant Antoon created or had personal knowledge of danger to her and failed to cure the risk of harm, and so he could be individually liable to Plaintiff. Thus, it could not be said that Plaintiff has no possibility of recovery against Defendant Antoon, and Walmart did not carry its heavy burden to establish that Antoon is improperly joined. The Magistrate Judge therefore recommended that the matter be remanded to state court.

In its Objection, Defendant Walmart asks the Court to decline to adopt the Report. Defendant Walmart argues that the allegations contained in the Petition "against [Defendant] Antoon are not specific to him. This was not the only person the same failure to secure or clean the FastTrack was alleged against. The allegation was against every single employee of Walmart. Plaintiff did not allege it was [Defendant] Antoon's sole fault for failing to secure the FastTrack . . . Hence, no allegations against [Defendant] Antoon are sufficiently specific to create a cause of action against [Defendant] Antoon. They are merely general administrative allegations against [Defendant] Antoon without any specific allegations of acts he performed that contributed to Plaintiff's incident." (Doc. 16 at 2–3). This Court's review of the Petition shows that Plaintiff alleged that "[e]mployees of [Walmart], including [Defendant] Antoon and John Doe and/or Jane Doe, whose names are notably censored from the

[1] The aforementioned FastTrack is a plastic pricing strip. *See* Doc. 5-1 at 1; Doc. 16 at 2.

subject Incident Report, failed to properly secure the FastTrack and also failed to clean up any pieces of fallen FastTrack, which happened often, as Walmart knew. Manager [Defendant] Antoon failed to properly train and supervise his employees." (Doc. 1-1 ¶ 9). The Petition also alleges that Defendant Antoon and John Doe and/or Jane Doe were at fault for "failing to use reasonable care to keep aisles, passageways, and floors in a clean and safe condition; . . . allowing a dangerous condition to remain on the floor of the store; . . . creating and/or having actual or constructive notice of the condition which caused Plaintiff's injury prior to its occurrence; . . . [and] failing to remove the subject plastic strip from the walking path of patrons in the dry grocery aisle[.]" (*Id.*). In this Court's review, Plaintiff is not alleging fault on the part of "every single employee of Walmart[,]" as Defendant Walmart contends. Instead, Plaintiff is alleging fault on the part of Defendant Antoon and those specific Walmart employees who were responsible for pacing the FastTrack and whose names were omitted from the relevant Incident Report. Further, Defendant Walmart cites no body of law requiring that it be "Antoon's *sole* fault for failing to secure the FastTrack" to find him liable for the injury, and finds this argument unpersuasive. (Doc. 16) (emphasis added). Plaintiff also alleges that Defendant Antoon specifically created or had personal knowledge of the harm posed by the FastTrack and failed to take actions to mitigate that harm, such as by removing the FastTrack. In other words, Plaintiff adequately alleges that Defendant Antoon took actions beyond his managerial duties that ultimately led to Plaintiff's injury.

Defendant Walmart next argues that when a plaintiff has survived a Rule

12(b)(6) challenge for purposes of an improper joinder challenge, the "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry"' to determine the propriety of joinder. *Smallwood,* 385 F.3d at 573. According to Defendant Walmart, the Court should conduct a summary inquiry to find that Defendant Antoon is improperly joined because based on Plaintiff's deposition, "Plaintiff had no idea how the FastTrack ended up on the ground . . . [She] had no firsthand knowledge as to how the strip ended up on the ground. She also did not know how long the strip was on the floor or if anyone from Walmart knew the strip was on the floor prior to the incident. Therefore, there is no evidence that [Defendant] Antoon caused the FastTrack to be on the ground." (Doc. 16 at 5–6). However, Defendant Walmart misinterprets the purpose of the summary inquiry. The *Smallwood* court stated that: "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood,* 385 F.3d at 573–74. "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 591 n.12. A court must take into account unchallenged factual allegations "in the light most favorable to the plaintiff." *Travis,* 326 F.3d 644 at 649. "Although a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson v. Georgia-Pac., L.L.C.,*

819 F.3d 758, 766 (5th Cir. 2016).

Here, Plaintiff's deposition does not reveal "discrete and undisputed facts that would preclude plaintiff's recovery" against Defendant Antoon. *Smallwood*, 385 F.3d at 573. That is, the deposition does not reveal that Defendant Antoon definitively was *not* liable for Plaintiff's injury or that his duties with respect to the FastTrack were definitively distinct from the general duties and responsibilities of his position. Instead, the deposition merely reveals that Plaintiff did not have complete information about the circumstances leading to the injury at the time of her deposition. "In order to establish that [a defendant] was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability on the part of [the defendant]. As the defendants cannot do so, simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [the plaintiff] to establish [the defendant's] liability at trial." *Travis*, 326 F.3d at 650–51.

Therefore, this Court agrees with the Magistrate Judge that Defendant Walmart has not satisfied its heavy burden of establishing improper joinder, because Defendant Walmart has not established that Plaintiff has "no reasonable possibility of recovery" against Defendant Antoon.

## IV. CONCLUSION

Having carefully considered Plaintiff's Petition for Damages (Doc. 1-1), the Notice of Removal (Doc. 1), Plaintiff's Motion to Remand (Doc. 5) and associated briefing, the Report (Doc. 15), Defendant's Objection to the Report (Doc. 16), and the

entirety of the record before the Court, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge Parish, Louisiana.

Baton Rouge, Louisiana, this 24th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**